# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**CHRISTINA GREENFIELD,**<br><br>    Debtor. | **Case No. 19-20785-TLM** |
| **ERIC WURMLINGER and ROSALYND WURMLINGER,**<br><br>    Plaintiffs,<br><br>v.<br><br>**CHRISTINA GREENFIELD,**<br><br>    Defendant. | **Adv. No. 20-07005-TLM** |

# MEMORANDUM OF DECISION

On December 11, 2019, Christina Greenfield ("Debtor" or "Defendant") filed a voluntary chapter 7 petition commencing Case No. 19-20785-TLM.[1] Her schedules listed Eric and Rosalynd Wurmlinger (the "Wurmlingers" or "Plaintiffs") as creditors holding a $103,000 judgment. *Id.* at Doc. No. 1 at 20. On March 2, 2020, Debtor amended that schedule to show a debt to Plaintiffs of $224,456.34. *Id.* at Doc. No. 38.

---

[1] Unless otherwise indicated statutory citations are to the Bankruptcy Code, Title 11 U.S. Code §§ 101–1532, Rule citations are to the Federal Rules of Bankruptcy Procedure, and Civil Rule citations are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 1

Though the bankruptcy was initially filed as a "no asset" case, the chapter 7 Trustee caused a notice of the need to file claims to be issued, requiring creditors to file claims by May 14, 2020. The Wurmlingers filed a proof of claim, No. 4-1, on May 6, 2020, asserting a total claim of $261,083.21 and alleging that $170,000 of that amount was secured by a judgment lien.[2]

On February 5, 2020, Plaintiffs timely filed the complaint commencing this adversary proceeding against Defendant. Adv. Doc. No. 1 ("Complaint"). Plaintiffs assert that the obligations owed to them by Defendant should be held to be nondischargeable under § 523(a)(6) as reflecting and arising from a willful and malicious injury to them or their property. Defendant answered the Complaint on April 15, 2020. Adv. Doc. No. 14 ("Answer").[3]

Prior to filing her answer, Defendant filed a motion for summary judgment, Adv. Doc. No. 8 (the "Motion"), along with several attachments, Adv. Doc. Nos. 8-1 through 8-6. On April 14, 2020, given the absence of an answer at that time and the withdrawal of Debtor's counsel, the Court denied the Motion but without prejudice to renewal. Adv. Doc. No. 13. After Defendant filed her Answer on April 15, she noticed the Motion for a hearing on May 18, 2020. Adv. Doc. No. 17.

---

[2] Given the withdrawal of Debtor's bankruptcy counsel, and pursuant to an order and notice of status hearing in the chapter 7 case, Debtor's motion to avoid that lien under § 522(f), Doc. No. 17, was not heard on February 10, 2020, as originally noticed. Debtor may contact the Court's courtroom deputy to obtain an available hearing date and file and serve the appropriate notice of hearing to reset that motion on this Court's calendar.

[3] Because Debtor's lawyer in the chapter 7 case was allowed to withdraw, Debtor was provided additional time to answer the Complaint. *See* Adv. Doc. Nos. 6 and 13 and Case No. 19-20785 at Doc. Nos. 20, 28, 31, and 37.

MEMORANDUM OF DECISION - 2

Plaintiffs responded to the Motion and objected to Defendant's summary judgment affidavit. Adv. Doc. Nos. 19, 20 ("Objection"). Defendant responded to the Objection. Adv. Doc. No. 23. The Motion and Plaintiff's Objection were heard on May 18 and, following arguments, all matters were taken under advisement.

**JURISDICTION**

This nondischargeability litigation is a core proceeding over which the Court exercises jurisdiction, 28 U.S.C. §§ 157, 1334, and in which it enters final orders and judgments subject to appeal, 28 U.S.C. § 158. Plaintiffs' Complaint failed to include the statement required by Rule 7008 regarding their consent to entry of final orders and judgment by this Court, and Defendant's Answer failed to include the similar statement required of her under Rule 7012(b). However, by their written submissions and by their arguments on May 18, it is clear both parties are asking this Court to enter a final order adjudicating the Motion and the Objection.[4]

**SUMMARY JUDGMENT AUTHORITIES**

Summary judgment may be granted if, when the evidence is viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. The Court cannot weigh evidence in resolving such motions but, rather, is to determine only whether a material factual dispute remains for trial. A dispute is genuine if there is sufficient evidence for a reasonable fact finder to hold in favor of the non-moving party. A fact is material if it

---

[4] Inasmuch as the Court concludes, below, that the Motion will be denied, this matter will be set for a pretrial conference. The Court's order setting such a conference will require the parties to file the statements under Rule 7008 and 7012(b) prior to the conference.

MEMORANDUM OF DECISION - 3

might affect the outcome of the case. *Farmers Grain, LLC v. DC Land Operating Co. (In re Farmers Grain, LLC)*, 2018 WL 770360, *2 (Bankr. D. Idaho Feb. 7, 2018) (citing *Thorian v. Baro Enters., LLC (In re Thorian)*, 387 B.R. 50, 61 (Bankr. D. Idaho 2008)). The initial burden of showing no genuine issue of material fact rests on the moving party. If that burden can be met, the burden then shifts to the nonmoving party to produce evidence that a genuine issue of material fact does exist. *Id*.

In addition, summary judgment is inappropriate where, in evaluating declarations and affidavits submitted by the parties, the Court must consider credibility or the weight to be given testimony. *See Reynard v. Green Valley Lake Holdings, LLC (In re Resler)*, 2019 WL 1510335, *3–4 (Bankr. D. Idaho Mar. 4, 2019); *B.K.L.N. v. Finlay (In re Finlay)*, 2019 WL 3294804, *2 (Bankr. D. Idaho Jul. 22, 2019). As the Ninth Circuit once explained:

> Neither party's evidence established—beyond the declarants' conflicting assertions—whether Albrecht attended training before the fire. The district court chose to credit the Sure Marine declaration, however, dismissing Albrecht's contrary declaration as unsubstantiated. In accepting one account over the other, the court improperly resolved an evidentiary conflict at the summary judgment stage. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (explaining that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are inappropriate at the summary judgment stage).

*Oswalt v. Resolute Indus., Inc.*, 642 F.3d 856, 861 (9th Cir. 2011). As stated by the United States Supreme Court, "[I]t is clear enough from our recent cases that at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for

MEMORANDUM OF DECISION - 4

trial." *Anderson*, 477 U.S. at 249.  Furthermore, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## DISCUSSION AND DISPOSITION

### A. The parties' prior litigation[5]

This matter stems from disputes between neighbors, which Defendant's Motion suggests started in 2005.  Following years of disputes over alleged violations of subdivision CC&R's, and numerous allegations that each party had "trespassed" on the other's property (including calls to local police), things came to a head in 2010 when Debtor "trimmed" down to 6 feet in height ten arborvitae that the Wurmlingers had earlier planted along the parties' common property line.  This triggered additional actions by both and, eventually, led to a civil suit brought in Idaho state district court by Debtor against the Wurmlingers in September 2010.  She sought in that litigation a declaratory judgment that the Wurmlingers' bed and breakfast business, and their maintenance of arborvitae exceeding 6 feet, violated the CC&R's; asked for an injunction requiring the Wurmlingers to cease such violations; sought damages for nuisance; and sought damages on the basis of intentional infliction of emotional distress and for negligent infliction of emotional distress.  The Wurmlingers asserted a counterclaim "seeking damages for negligent or intentional infliction of emotional distress, common law trespass, and timber trespass." *Greenfield*, 349 P.3d at 1186.

---

[5] The Court summarizes the contentions in the parties' voluminous submissions and, given its conclusions regarding the appropriateness of summary judgment, will not provide detailed citation.  The Court also relies on the summary of the underlying state court litigation contained in the Idaho Supreme Court's decision on appeal, *Greenfield v. Wurmlinger*, 349 P.3d 1182 (Idaho 2015).

MEMORANDUM OF DECISION - 5

Ultimately, Debtor's claims of nuisance and negligent infliction of emotional distress were tried to a jury, as were some of the Wurmlingers' counterclaims.[6] The jury "returned a special verdict finding that [Debtor] had failed to prove her claims of nuisance and negligent infliction of emotional distress. The jury also found that [the Wurmlingers] had proved their claim of negligent infliction of emotional distress, for which it awarded them $52,000 in damages, and their claim of timber trespass, for which it awarded them $17,000 in damages." *Greenfield*, 349 P.3d at 1186. "The timber trespass damages were trebled to $51,000 pursuant to Idaho Code section 6-202, and the court awarded [the Wurmlingers] court costs and a reasonable attorney fee totaling $65,755.37. It entered a judgment against [Debtor] in the amount of $168,755.37[.]" *Id.* at 1186. Debtor's appeal was unsuccessful, and the Wurmlingers were awarded costs and fees on appeal. *Id.* at 1197.[7]

### B.      The parties' contentions and submissions

Plaintiffs' Complaint rests upon the contention that Defendant's acts resulting in the judgment against her were willful and malicious under § 523(a)(6), and that the judgment awarded (alleged to be $196,337.37)[8] plus post-judgment interest constitutes a nondischargeable debt.

---

[6] "Prior to trial, [Debtor's] claim for intentional infliction of emotional distress was dismissed upon [the Wurmlingers'] motion for summary judgment." *Greenfield*, 349 P.3d at 1186.

[7] The Complaint alleges thos costs and fees were $27,582. Adv. Doc. No. 1 at 5.

[8] This figure appears to be the amount of the "amended final judgment" in the state district court of $168,755.37 plus the $27,582 awarded on appeal.

MEMORANDUM OF DECISION - 6

Defendant's Motion is premised on the proposition that the state court jury's verdict and the resulting judgment was based solely on a finding of **negligent** infliction of emotional distress and that there was no finding of **intentional** infliction of emotional distress (that cause having been previously dismissed).[9]  Thus, she contends, this state court record negates any basis for this Court to consider or find her conduct to be "willful and malicious" under § 523(a)(6).  *See* Adv. Doc. No. 8 at 15 (citing *Kawaauhau v. Geiger*, 523 U.S. 57 (1998) as holding "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of [§ 523(a)(6)].").

In response, Plaintiffs object to certain statements in Defendant's affidavit in support of summary judgment.  *See* Adv. Doc. No. 20.[10]  The Court, however, finds that resolving the Motion does not require extended discussion and analysis of Defendant's affidavit, or resolving every disagreement between the parties over how the litigation history is characterized.[11]

---

[9] Defendant also relies on the state court's Order of January 7, 2013, stating "Lastly, the jury found that Greenfield's general conduct negligently inflicted emotional distress on the Wurmlingers and that the negligence was the proximate cause of the Wurmlingers' damages."  Adv. Doc. No. 11-3 at 22.

[10] For example, Plaintiffs take exception to Defendant's assertion in her affidavit that she was "acquitted" of an earlier criminal charge of felony malicious injury to property.  In the Objection, Adv. Doc. No. 20 at 3, Plaintiffs refer the Court to a comment in *Greenfield* that said, in discussing the history of the parties' disputes and in relation to the trimming of the arborvitae, "[Debtor] was charged criminally, but the charges were later dismissed."  *See* 349 P.3d at 1186.  Plaintiffs there argue "dismissal of criminal charges is not synonymous with an acquittal."  But Defendant later rejoined that she was in fact acquitted.  *See* Adv. Doc. No. 23 at 6, and at 23-1 and 23-2 (Judgment of Acquittal, Case No. CRF-10-10624, Oct. 4, 2011).  This has limited relevance, but it does illustrate the nature of the parties' 15 year animus.

[11] The Court notes that neither party fully complied with the requirements of LBR 7056.1 governing summary judgment submissions.

MEMORANDUM OF DECISION - 7

### C.   The impact of the jury's verdict on Plaintiffs' present action

Defendant argues that the state court jury's finding of "negligent" liability is preclusive of any attempt in this action to find her liable for "willful and malicious" injury. Defendant focuses on the jury's verdict in favor of Plaintiffs for her negligent—as opposed to intentional—infliction of emotional distress.[12] Her argument presumes that such a finding of negligence precludes any contention now made that her conduct was willful and malicious under § 523(a)(6) authority. In effect, Defendant asserts a principle of issue preclusion.

Issue preclusion may apply in nondischargeability litigation. *See Grogan v. Garner*, 498 U.S. 279, 284–85 (1991). For example, this Court explained in *Herrera v. Scott (In re Scott)*, 588 B.R. 122 (Bankr. D. Idaho 2018):

> Issue preclusion, or collateral estoppel, prevents parties from relitigating factual issues that have been determined in prior litigation. *Resolution Tr. Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999).
>
> As a matter of full faith and credit, 28 U.S.C. § 1738 requires federal courts to apply the pertinent state's issue preclusion laws to determine whether relitigation of an issue is precluded in a subsequent federal action. The party asserting issue preclusion bears the burden of proving its applicability under state law. *Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1245 (9th Cir. 2001). The party must also provide "a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action. *Kelly v. Okoye (In re Kelly)*, 182 B.R. 255, 258 (9th Cir. BAP 1995), *aff'd.* 100 F.3d 110 (9th Cir. 1996). Any reasonable doubts as to what was decided by a prior judgment should be resolved against a finding of issue preclusion. *Id.*

588 B.R. at 131. Further:

---

[12] Defendant, however, does not address any similar argument as to the timber trespass verdict, *i.e.*, that such a verdict reflects negligent rather than intentional conduct.

MEMORANDUM OF DECISION - 8

> For issue preclusion to apply under Idaho law, five elements must be established. *Rodriguez v. Dep't of Corr.*, 136 Idaho 90, 29 P.3d 401, 404 (2001). The party asserting issue preclusion must show that:
>
>> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation, and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation. *Id*.
>
> Accordingly, this Court must consider these five elements to determine if issue preclusion is appropriate in this § 523(a)(6) dischargeability proceeding.

*Id.*

In *Jensen v. White (In re White)*, 363 B.R. 157 (Bankr. D. Idaho 2007), the Court evaluated and discussed the five factors required under Idaho law in order for issue preclusion to apply. There it found the first, fourth and fifth factors were met. However, the Court concluded that: "[a]s to the remaining two requirements, the Court simply cannot be sure. The difficulty with the application of the doctrine here is the inadequacy of the record from the state court action submitted to this Court." *Id.* at 162.

The same difficulty is present here. Defendant has not provided an adequate record to establish that, in addition to the jury finding she negligently inflicted emotional distress, the question of whether she intentionally inflicted emotional distress was presented to and rejected by the jury.[13]

---

[13] Nor does she address the question of whether the timber trespass charge on which she was found guilty had a required or implicit element of willfulness, and that such intent was rejected after being presented to the jury.

MEMORANDUM OF DECISION - 9

The mere fact that the jury found Defendant guilty of negligent infliction of emotional distress does not inherently establish the jury was asked to consider the alternative of intentional infliction of emotional distress and rejected that theory, or whether in the process of the state court action, the questions of willfulness or maliciousness—within the meaning of those terms under the § 523(a)(6) case law—were "actually decided." Under the precedent discussed above, that was Defendant's burden.

**CONCLUSION**

For the foregoing reasons, the Court finds and concludes Defendant's Motion is not well taken and summary judgement is inappropriate. The Motion will be denied. An Order will be entered accordingly.

DATED: May 26, 2020



_____
TERRY L. MYERS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 10